# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH ROYAL,
                Appellant,

                v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
AT-0752-14-0853-I-1

DATE: October 7, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lorenzo Cobb, Esquire, Sugarhill, Georgia, for the appellant.

Erika F. Campbell-Harris, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of an alleged involuntary disability retirement.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2     The appellant held the position of Mail Processing Clerk at the agency's North Metro Processing and Distribution Center in Duluth, Georgia. Initial Appeal File (IAF), Tab 5 at 118, Tab 11 at 134. His position required that he be able to perform prolonged standing, walking, bending, and reaching. IAF, Tab 5 at 116.

¶3     In September 2013, the appellant made multiple requests for a change in his work schedule and attached a letter from his psychiatrist supporting the requested schedule change based on the appellant's mental health issue and obstructive sleep apnea. *Id.* at 72-73, 77-80. The agency denied his requests based on insufficient documentation. *Id.* at 72, 77, 79. The agency referred his request to the agency's District Reasonable Accommodation Committee (DRAC), which considered it a request for a reasonable accommodation. *Id.* at 71-72. After the appellant's meeting with the DRAC in October 2013, the DRAC chairperson sent him a list of current, vacant, and funded positions in the Atlanta district for which he could apply. *Id.* at 61-70. The appellant declined the job offers and stated, "I

am not able to fully respond to the recommendation because I have not been provided all the pertinent information related to the available job openings." *Id.* at 59-60. In response, the DRAC chairperson informed the appellant that, based on his decision to decline the job offers, his reasonable accommodation case was considered closed. *Id.* at 37. The appellant then made another request for the schedule change to an agency Human Resources Manager. *Id.* at 44. The Human Resources Manager denied his request because he had been given the opportunity to select from positions that would have provided him the requested accommodation. *Id.* at 27. The appellant replied. *Id.* at 21-25.

¶4 In December 2013, the appellant applied for Social Security Disability Insurance (SSDI) benefits and listed that he had a mental health issue in addition to various physical conditions concerning his feet, ankles, toes, knees, and elbows. *Id.* at 100-04. He also stated that his "duties and responsibilities have become a daily challenge" due to "constant pain" and that "standing for 8 hours is very painful and discomforting." *Id.* at 110. The Social Security Administration (SSA) granted the appellant's application for SSDI benefits. IAF, Tab 10, Subtab E at 1.

¶5 On January 7, 2014, the appellant had surgery on his left foot that rendered him unable to stand continuously for 8 hours for approximately 3 months. IAF, Tab 5 at 140-41. He applied for disability retirement to the Office of Personnel Management (OPM) and stated that he became disabled on January 7, 2014, due to foot surgery. *Id.* at 112. In addition to listing a mental health issue with sleep apnea as one of his injuries or diseases, he listed injuries to his back, ankles, feet, toes, left elbow (tendonitis), and knees. *Id.* The appellant alleged that the injuries to his feet, ankles, toes, and knees affected his basic job duties and responsibilities of standing, walking, and pulling and pushing equipment. *Id.* He also claimed that he could not work at the required pace or bend down properly. *Id.* OPM approved his application for disability retirement, which was effective August 18, 2014. IAF, Tab 11 at 132-34. OPM found that the appellant was

disabled for his position "due to Back Injury, Ankles L/F, Foot (Right and Left)." IAF, Tab 10, Subtab F at 2.

¶6        The appellant filed a Board appeal of his alleged involuntary disability retirement and requested a hearing. IAF, Tab 1. After holding a jurisdictional hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 18, Initial Decision (ID) at 1, 10. Specifically, she found that the appellant failed to prove that his disability retirement was involuntary because he did not make a request for an accommodation for his disabling medical conditions that would have allowed him to continue working. ID at 9-10.

¶7        The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An employee-initiated action, such as a retirement, is presumed to be voluntary and therefore outside the Board's jurisdiction. *Vitale v. Department of Veterans Affairs*, 107 M.S.P.R. 501, ¶ 17 (2007). An involuntary retirement is tantamount to a removal, however, and is therefore subject to the Board's jurisdiction. *Id.* The appellant bears the burden of proving jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A).

¶9        To establish the Board's jurisdiction over an involuntary disability retirement appeal, the appellant must show that: (1) he indicated to the agency that he wished to continue working but that his medical limitations required a modification of his work conditions or duties, i.e., accommodation; (2) there was a reasonable accommodation available during the period between the date on which he indicated to the agency that he had medical limitations, but desired to

continue working, and the date that he was separated that would have allowed him to continue working; and (3) the agency unjustifiably failed to offer that accommodation. *Mims v. Social Security Administration*, 120 M.S.P.R. 213, ¶ 17 (2013).

¶10    Here, the administrative judge properly found that the appellant failed to satisfy the first prong of the *Mims* test because he did not request an accommodation for his disabling medical conditions. ID at 9. Specifically, she found that the appellant had disabling medical conditions concerning his feet, ankles, and back. *Id.*; IAF, Tab 5 at 110, 112, Tab 10, Subtab F at 2. She further found it undisputed that the appellant did not seek an accommodation for these conditions when he earlier requested a schedule change based on his sleep apnea. ID at 7; IAF, Tab 5 at 72-73, 77-80. Based on our review of the record, we agree with these findings.

¶11    In his petition for review, the appellant disputes the administrative judge's finding that he failed to request an accommodation for disabling medical conditions. PFR File, Tab 1 at 9. Specifically, he alleges that he only needed an accommodation for a mental health condition and for obstructive sleep apnea and not for his foot injury. *Id.* He asserts that, had the agency granted the requested schedule change, he could have continued working despite his foot injury. *Id.* at 8. He further claims that the only reason he applied for SSDI and disability retirement was because the agency previously failed to accommodate his mental health condition and obstructive sleep apnea. *Id.*

¶12    The administrative judge considered these arguments and the appellant's supporting testimony below. However, she found that his testimony was inconsistent with the record. ID at 7-9; IAF, Tab 16, Hearing Compact Disc (testimony of the appellant). For the reasons described in the initial decision, we agree with the administrative judge's finding that the appellant's testimony was inconsistent with the medical evidence and his certifications to SSA and OPM. ID at 8-9. For example, the administrative judge noted that the appellant

represented to SSA that "[f]or the last year and a half, [his] feet have become more problematic" and that he has "not been able to find" shoes that do not "cause [him] severe pain." ID at 8; IAF, Tab 10, Subtab E at 5. She also noted that the appellant certified to OPM that his "[f]eet, ankles, toes and knees affect basic job duties/responsibilities of standing, walking, pushing and pulling of equipment" and that his "[b]ack and [left elbow] affect [his] ability to bend and lift trays over shoulder height." ID at 8; IAF, Tab 5 at 112. Moreover, we find that the appellant has not provided a reason on review to disturb the administrative judge's determination that his testimony was belied by the documentary evidence. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶13     Lastly, we find that the appellant's remaining arguments on review provide no reason to disturb the initial decision. For the reasons discussed above, we find that the administrative judge did not, as the appellant argues, abuse her discretion in finding that he failed to request an accommodation for his disabling medical conditions regarding his feet, ankles, and back. PFR File, Tab 1 at 1, 7, 9; ID at 9. We further find that the appellant's claims that the agency deprived him of information necessary to evaluate the DRAC's job offers, and that the agency could have granted the requested schedule change without undue hardship, are immaterial to the relevant issue of whether the appellant satisfied the first prong of the *Mims* test. PFR File, Tab 1 at 5.

¶14     Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for _____

                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.